# EXHIBIT A

SUPREME COURT OF STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------x
DINO HENRY

                          Plaintiff

-against-

BACO ENTERPRISES INC

                          Defendant
----------------------------------------x

**SUMMONS**

**Claim Arose
In Bronx County**

Index No.:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED**, to answer in Supreme Court, Civil Term, BRONX County, New York, at 851 Grand Concourse, Bronx, New York, 10451. The Complaint of Plaintiff is herein attached and it is necessary to serve a copy of your answer on Plaintiff at the address indicated below within twenty (20) days after the service of this Summons (not counting the day of service itself), or within thirty (30) days after service is complete if the Summons is not delivered personally to you within the State of New York.

**PLEASE TAKE NOTICE THAT** this action is based on Employment Discrimination in violation of Federal State and local laws and regulations. Plaintiff designates Bronx County as the place of trial. The basis of venue is that the cause of action that gives rise to this claim occurred in Bronx County.

**YOU ARE HEREBY NOTIFIED,** that should you fail to answer, a judgment will be entered against you by Default for the relief requested in the Complaint.

Dated January 14, 2021
Mount Vernon, New York

                                                          Earl Williams, Esq.
                                               Law Office of Jacqueline Warner
                                                      Attorney for Plaintiff
                                                          20 East 3rd Street
                                                   Mount Vernon, NY, 10550
                                                            (914) 310-3720

To:
Mr. Barry Cohen, President
Baco Enterprises Inc.
1190 Longwood Avenue
Bronx, NY 10474

SUPREME COURT OF STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------x
**DINO HENRY**

                Plaintiff

-against-

**BACO ENTERPRISES INC**

                Defendants
-------------------------------------------------------------x

**VERIFIED COMPLAINT**

**Claim Arose
In Bronx County**

Index No.:

Plaintiff, DINO HENRY, by and through his attorney, Earl M. Williams, Esq., of Law Office of Jacqueline Warner, an attorney duly admitted to the practice of law before the Courts of the State of New York, alleges the following against Defendant:

1. Plaintiff at all material times was an employee and former employee of Baco Enterprises Inc.

2. Defendant Baco Enterprises Inc. at all materials times is a company registered to do business in the State of New York. and the employer of Plaintiff with business office located at 1190 Longwood Avenue, Bronx, NY 10474.

3. Plaintiff began his employment with Defendant on or about June 10, 2010, until wrongfully terminated on November 11, 2020.

4. Plaintiff's position at time of wrongful dismissal was a full-time Steel Estimating Clerk with an annual salary of approximately $181,000.00.

5. At all material times, Plaintiff was a great employee with no negative remarks on his record.

6. At all material times a few years ago Plaintiff notified Defendant that he planned to accept another position and he was begged not to leave and was offered a considerable salary increase by Defendant.

7. At all material times Plaintiff was being commended and paid for his great work by senior management staff, owners of the Defendant and customers.

8. On or about March of 2020 all employees of Defendant, including Plaintiff, had to work from home because of the Covid-19 Pandemic including Plaintiff.

9. Plaintiff while working at home using his own computer on behalf of Defendant and was also subjected to a pay cut by Defendant, allegedly due to Covid-19 loss of income.

10. Plaintiff believes that he was more productive working from home compared to the Defendant's office where there were more interruptions.

11. Defendant, notwithstanding that the pandemic was still a great threat, requested on or about April 2020 that all employees report back to work at the job site.

12. At all material times at least four (4) employees of Defendant tested positive for Covid-19.

13. At all material times Plaintiff failed to take adequate measures to protect employees from being infected with the virus.
14. That at all material times Plaintiff informed Defendant of his pre-existing condition which would categorize Plaintiff as suffering from a disability with regards to Covid-19 and as such, reasonable accommodations had to be made on behalf of Plaintiff.
15. That at all material timers Defendants conducted only one deep cleaning of the work site premises and continued with business as usual without strictly enforcing social distancing and mask rules as well as other laws and regulations for the health and safety of all citizens including the employees.
16. That at all material times, essentially customers and employees had to fend for themselves.
17. That Plaintiff as a result continued to work from home in a safe and non hostile environment with much greater productivity.
18. That at all material times Defendant requested Plaintiff to return to work at the Plaintiff's office at the job location.
19. At all material times Plaintiff informed Defendant that because of his pre-existing condition, as well as Plaintiff's special needs son, who should also be treated as a pre-existing condition for Covid-19 that it was too risky to be at a work site that does not properly enforce the CDC and New York State Covid-19 guidelines.
20. At all material times, Defendant's response to Plaintiff was that Plaintiff does not live with his special needs son was discriminatory.
21. That at all material times because of Plaintiff's pre-existing condition, coupled with his age, and because Plaintiff has a son with special needs and as such a pre-existing condition, Defendant had a legal duty of care and responsibility to protect Plaintiff and provide a safe working environment by making reasonable working conditions.
22. That at all material time Plaintiff taking into consideration of his health condition and that of his son as well as Defendant reluctance to comply with City and State Laws and CDC guidelines for covid-19 refused to work from the job site at his office but instead continued to work from home.
23. That at all material times as a result of that decision by Plaintiff to continue to work from home against the direction of Defendant to be at his office at the work sire, Defendant wrongfully terminated Plaintiff employment on November 11, 2020 contrary to Federal, New York State and New York City Discrimination Laws.

**AS FOR THE FIRST CAUSE OF ACTION FOR HOSTILE ENVIRONMENT BECAUSE OF DISABILITY CONTRARY TO FEDERAL, STATE AND CITY DISCRIMINATION LAWS**

24. Federal as well as New York State law and New York City law prohibits hostile work environment against people who are from a protected class.
25. Plaintiff work environment became very hostile from the time he decided to work from home instead

of going to the work site.

26. Plaintiff is from a protected class of being a father with a special needs son and also as far as Covid-19 was personally suffering from a disability having a pre-existing condition.

27. That when Defendant ignored Plaintiff's concern for his pre-existing condition and his special needs son on the basis that Plaintiff does not live with his special needs son, is to treat Plaintiff differently from a father who is married and living with his son or otherwise a father who lives under the same roof with his son.

28. That by mandating Plaintiff to work on job site when Plaintiff could be more productive in a safe environment which would benefit both Plaintiff and Defendant, Defendant created a hostile work environment.

29. That when Plaintiff continued to work from home for his protection and that of his son, Plaintiff on November 11, 2020 was wrongfully terminated by Defendant.

30. That there was no other basis for the termination of Plaintiff's employment except Plaintiff was being punished because he put the welfare of his son and himself before the wishes of the management of the Plaintiff, rather than being at the workplace which was unsafe and unproductive.

31. That in breach and in violation of Federal, New York State and New York City Discrimination Laws Plaintiff was wrongfully terminated from his employment on November 11, 2020, and suffered not only loss of income but emotional distress.

## AS FOR THE SECOND CAUSE OF ACTION FOR UNLAWFUL DISCRIMINATORY PRACTICES FOR FAILURE TO MAKE REASONABLE ACCOMMODATION.

32. Plaintiff was entitled to reasonable accommodation pursuant to Federal, State and City Discrimination laws. Defendant failed to be cognizant of the fact that Plaintiff's age and pre-existing condition renders him to be disabled and the health condition of his special needs son puts Plaintiff in a protected class that reasonable accommodation was mandated by law.

33. That instead of making reasonable accommodation Defendant was mandating the Plaintiff to be at the work site to further endanger himself and his son.

34. Plaintiff was more productive working from home, as such based on Defendants duty to make reasonable accommodations should have allowed Plaintiff to continue to work from home.

35. That because of Plaintiff's disability and age, Plaintiff was in a protective class.

36. Therefore, Defendant was in breach of its duty under Federal, and New York State and New York City Discrimination laws to make a reasonable accommodation for Plaintiff during the Covid-19 pandemic.

37. That in breach and in violation of Federal, New York State and New York City Discrimination Laws Plaintiff was wrongfully terminated from his employment on November 11, 2020, and suffered not

only loss of income but emotional distress.

## AS FOR THE THIRD CAUSE OF ACTION FOR UNLAWFUL DISCRIMINATORY PRACTICES FOR WRONGFUL TERMINATION CONTRARY TO FEDERAL, STATE AND CITY DISCRIMINATION LAWS

38. That at all material times, Plaintiff's race being of African descent ( Black) made him more susceptible and vulnerable to die from Covid-19.

39. That Defendant was not only aware of Plaintiff's race but also aware that Plaintiff suffers from a pre-existing condition(disability).

40. Plaintiff was terminated from his employment and position solely for the reason of not working physically on the work site due to Plaintiff's concerns for his pre-existing condition(disability), coupled with his age, and his pre existing condition special needs son and for his race being Black.

41. That to discriminate against Plaintiff as a father who does not live with his special needs son and deny him privileges and benefits that would be granted to a father who lives with his son is clear discrimination against Plaintiff.

42. That at all material times and to present, African Americans (Blacks) and Hispanics are more vulnerable to the Covid-19 pandemic than other ethnic groups.

43. That at all material times Plaintiff is a member of that class, race or group.

44. That at all material times Defendants should have been aware that Black people suffered and died the most since the pandemic began.

45. Therefore, Defendants by terminating Plaintiff discriminated against Plaintiff's age, race, disability and to categorized him as a father not living with child was also discrimination.

46. That in breach and in violation of Federal, New York State and New York City Discrimination Laws Plaintiff was wrongfully terminated from his employment on November 11, 2020, and suffered not only loss of income but emotional distress.

## AS FOR THE FOURTH CAUSE OF ACTION FOR UNLAWFUL DISCRIMINATORY PRACTICES FOR WRONGFUL TERMINATION CONTRARY TO FEDERAL, STATE AND CITY DISCRIMINATION LAWS AND CONTRARY TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (ADEA)

47. That Plaintiff was above the age of 40 and therefore, within the protected class pursuant to federal state and city laws on age discrimination.

48. That Defendant failed to consider Plaintiff's age and vulnerability coupled with Plaintiffs pre-existing condition when demanding that Plaintiff return to work on the job site instead of working from home consistent with Defendant duty to provide reasonable accommodation.

49. That instead of ensuring the working conditions was safe and healthy for Plaintiff to perform his duties Defendant terminated Plaintiff's employment unlawfully.

50. That to terminate the Plaintiff, employment because of his age and disability put him in a category

that was unlawful and inexcusable, especially during Covid-19 which makes him much more vulnerable.

51. That in breach and in violation of Federal, New York State and New York City Discrimination Laws on age discrimination, Plaintiff was wrongfully terminated from his employment on November 11, 2020, and suffered not only loss of income but emotional distress.

## AS FOR THE FIFTH CAUSE OF ACTION FOR UNLAWFUL RETALIATION FOR RAISING WORKPLACE SAFETY AND HEALTH CONCERNS CONTRARY TO THE OCCUPATIONAL SAFETY AND HEALTH ACT (OSHA)

52. That at all material times Plaintiff raised concerns about the work place conditions and safety protocols that were not in accordance to City and State laws as well as CDC guidance and refused to work from the work site and was retaliated against by the Defendant by wrongfully dismissing Plaintiff from his employment contrary to OSHA.

53. That Plaintiff's concerns were within the guidelines set by OSHA, such as limiting the number of people in the workplace in order to maintain strict social distancing practices.

54. That where feasible, accommodations (i.e., flexibilities based on individual needs) should be considered for workers at higher risk of severe illness, including older individuals such as Plaintiff.

55. That special accommodations according to OSHA should be made for employees with underlying health conditions as Plaintiff.

56. That to terminate Plaintiff on November 11, 2020 in retaliation for voicing concerns about the Covid-19 safety conditions and Defendant's failure to take the necessary steps according to law to ensure the safety and well being of all employees was unlawful.

## AS FOR THE SIXTH CAUSE OF ACTION FOR UNLAWFUL TERMINATION CONTRARY TO OSHA

57. That at all material times Defendant requested Plaintiff to return to work at office of Defendant e instead of working from home.

58. That Defendant was aware of Plaintiff's age, race and pre-existing condition and as such, in compliance with OSHA, had a duty to make special accommodations (i.e., flexibilities based on individual needs) should be considered for workers at higher risk of severe illness, including older/elderly individuals and those with serious underlying health conditions.

59. That in accordance with OSHA, businesses had to reopen in three (3) phases; however, Defendant skipped all the phases and moved straight to full operation and bring staff and public together with no regard for the safety and well being of employees and the public, contrary to the OSHA guidelines.

60. That Defendant also failed to observed some of OSHA's guidelines such as the responsibility of

employers, for all phases of reopening, to develop and implement policies and procedures that address preventing, monitoring for, and responding to any emergence or resurgence of COVID-19 in the workplace or community. Employers should continue these practices to the extent possible to help prevent COVID-19 from emerging or resurging in their workplace. Such a resurgence could lead to increases in infected and sick employees, the increased need for contact tracing of individuals who visited a workplace, enhanced cleaning and disinfection practices, or even a temporary closure of the business.

61. That because Defendant failed to follow these guidelines for reopening, Plaintiff was within his legal right to continue to work from home.
62. Therefore, the termination of Plaintiff's employment was contrary to OSHA, and as such is unlawful.

**AS FOR THE SEVENTH CAUSE OF ACTION FOR UNLAWFUL TERMINATION CONTRARY TO GOVERNOR CUOMO EXECUTIVE ORDERS 205, 202 AND NY EMPLOYMENT LAW 740**

63. That at all material times there were several Stay at Home Orders in effect in the State of New York.
64. That there were executive orders against being forced to work for a business that is allowed to operate, however the employer must take proper safety and health precautions.
65. That there were executive orders authorizing employees who have particular concerns because they or their family members are part of a vulnerable population (i.e. underlying health conditions) to stay away from work without fear of retaliation.
66. That there were executive orders authorizing employees to stay away from work if their employer is not taking proper safety and health precautions.
67. That at all material times Plaintiff was in the class described in paragraphs 65 and 66.
68. That Defendant failed to take proper safety and health precautions.
69. That Plaintiff was part of the vunerable group described in Paragraph 65 and 66 above.
70. That Defendant, contrary to Executive Orders 202 and 205, terminated the employment of Plaintiff because he refused to go back to work at Defendant's business office, when requested by the Defendant.

**AS FOR THE EIGHTH CAUSE OF ACTION FOR UNLAWFUL TERMINATION CONTRARY TO PUBLIC POLICY**

71. That Public policy dictates that the employer should have considered the severity of the health crisis in Plaintiff's loyalty that is the severity of the Pandemic in New York State and Ossining where

Plaintiff resides.

72. That Ossining was a hot spot for Covid-19 for several weeks in the State of New York.
73. That the County of Bronx where Plaintiff was expected to go to work was a high risk area and a hot spot.
74. That the residents of these areas are populated with mostly Blacks and Hispanics and individuals with lower income.
75. That the death toll in those areas was very high.
76. That the Covid-19 pandemic affected and continues to affect the entire world and millions of people were infected and hundreds of thousands dead.
77. That as a result New York State had Stay at Home Orders, and had to be closed.
78. That there was a complete shut down in the entire United States of America as a result of the Covid-19 pandemic.
79. That the Defendant failed to follow guidelines mandated by the CDC and other health authorities.
80. That Plaintiff is 55 years old and has a pre-existing condition as well has a special needs son of which Defendant was well aware.
81. That it was unconscionable and contrary to public policy to require employees and Plaintiff to go to a work site where State regulations as well as CDC guidelines and OSHA guidelines were not being followed.
82. That at all material times at least four (4) employees are known to have contracted Covid-19 as a result of the order by Defendant to go back to work at the work site.
83. That no protocols were followed including contact tracing and having employees who contacted the Covid-19 patients to be isolated and quarantined for at least fourteen (14) days.
84. Therefore, it was against public policy to terminate an employee under these circumstances where the Pandemic was worldwide and a real threat to human life and safety, particularly Plaintiff with his pre-existing conditions.

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in favor of Plaintiff for;
1. Back Pay, that is lost earnings resulting from the discrimination from the date of the discriminatory act to the date of judgment.
2. Front Pay, that is lost of future earnings resulting from the discrimination.
3. Lost Benefits, such as health care coverage, dental insurance, pension, voluntary life insurance.
4. Emotional Distress, Pain and Suffering
5. Punitive Damages.
6. Attorneys' Fees and court costs.
7. Any other relief court finds just and proper.

Dated: January 14, 2021
Mount Vernon, New York

_____
Earl Williams Esq.
Law Office of Jacqueline Warner
Attorney for Plaintiff
20 East 3rd Street
Mount Vernon, NY 10550
Office: (914) 310-3720

To: Mr. Barry Cohen, President
    Baco Enterprises Inc.
    1190 Longwood Avenue
    Bronx, NY 10474

# VERIFICATION

STATE OF NEW YORK          )
                           ss:
COUNTY OF WESTCHESTER      )

DINO HENRY, being duly sworn, states that I am the Plaintiff herein; that the foregoing Verified Complaint is true to my own knowledge, except as to those matters herein stated to be alleged upon information and belief, and as to those matters I believe them to be true; that the grounds of my belief as to all matters not stated upon my knowledge are from documents furnished to me from my own research.

*Dino Henry*

Sworn to before me this 14 day of January, 2021

*Notary Public*

JACQUELINE J. WARNER
Notary Public, State of New York
No. 02WA6055940
Residing In Westchester County
My Commission Expires 3/12/2023